Judge Mills
delivered the Opinion of the Court.
Samuel Smallwood held a conveyance of land from Christopher Mush, giving metes and bounds, and calling the quantity of the tract one hundred and sixty-two acres and one half; and on the 27th July, 1814, he sold it to the appellant Moredock, and gave his bond, in which his wife united, binding himself to convey it by deed of general warranty, naming the same quantify, and rduring to the deed *74 winch he held. lie received the payment and 'gave the possession. On the 14th of July, 1817"» the appellant sold the same land, and gave the possession of it to Rawlings, one of the appellees, and assigned to him the bond of Smallwood and wife, in the usual form, never having taken a conveyance from them. The price at which this sale was made was $487, for $240 of which, Rawlings gave his note bearing interest and payable on the 25th of December, 1813, and the balance on the 25th of December, 1819. The first of these instalments was discharged; and on the 8th of September, 1821, Rawlings received from Smallwood and wife, a conveyance with general waranty of the aforesaid tract.
Bowlines’ bill.
Moredock’s answer.
Decree of the circuit court.
On the 20th of October following, Rawlings filed his bill, making Moredock and Smallwood and wife defendants, — enjoining a judgment for the last instalments due to Moredock, and praying that the contract of purchase between him and Moredock might beset aside, and rescinded.
The equity on which ho relies, as set out in his original and amended bill, is—
First. — That Moredock represented the title to be sale, and free from interference, when he sold, when there was another claim on it in the name of one Johnston’s heirs, who had brought an ejectment, and he feared would succeed in recovering the land or part of it, and that Smallwood is insolvent.
Secondly. — Moredock had misrepresented the true position oí the land, by stating it to begin at a certain point, when it began at a different-place, and lay at a considerable distance from the place represented.
And lastly, the writings concurred in stating, and Moredock assured him. that there were 162 1-2 acres in the tract, when it was lately discovered that there was only about one hundred and twenty-oue or two acres.
Moredock answered. The bill was taken pro con• fesso as to Smallwood and wife, and the court below set aside the contract entirely; and from that decree Moredock appealed. Moredock denies any representation about the title, and adds that he never did, nor does he yotknow of any other claim on *75 tlie land, nor did he hear of any other til! the ejectment of Johnson’s heirs, and he knows not that they have any title. Their ejectment, however, was tried before the trial of this suit, and they recovered greater part of the land. Relying on this ground, the court below set aside the contract.
Assignment of a bond for land does not import a warranty of title. Assign- or is responsisible only in case obligor fails to make the title, and is unsuccessfullyprosecuted for the damages with due diligence.
Such assignments may however be set aside for fraud.
Vendors of land are bound only by express contract or fraud in thou sales.
chancellor is not confinEcl to th°. veyorTioUc~Kamine th¡> ground and <nnke diagrams fur Him,
*75 We differ essentially with that court in believing this ground sufficient. The assignment of the bond of Smallwood imposed no warranty of the land upon Moredock, except a contingent obligation in case of Smallwood’s failure in making the title, or paying the damages, after legal investigation with due diligence.
And as to Smallwood’s insolvency it was notorious at the date of the assignment.
It is true,.although there was no warranty in the assignment, yet if the contract was obtained by any unfair and untrue representations, equity would set it aside, as well as any other contract. But this is not tlie case here. There is no proof of false representations, nor is it shewn that Moredock ever knew of any other claim.
In sales of land vendors are only bound upon their express warranty, or by their fraud, and neither exists here, and therefore Moredock could not be bound to rescind or pay damages on either ground.
As to the second ground of equity, it is denied, and not proved, and there is no pretence for rescinding the contract on that account.
As to the third ground, to wit: a deficiency in the quantity of land, Moredock denies, to his recollection, making any special declarations, but admits that he thought that tlie land which he sold, and the deed of Bush io which it refered was right in the quantity. It may be taken for granted on this point, that both the parties, at the time of the contract, believed, that the nominal quantity was there, and If it is not it was a mutual mistaken both, without a wrong intention in either.
On the question of fact whether the quantity is or is not deficient, the complainant below introduced the deposition of one witness who deposed that he had surveyed the tract, and had found it to con-lain only 12! acres, and that if a stream which *76 bouuued one side was accurately meandered, it might hold out 125 acres. But be deposed that he surveyed at the request of the complainant, and never surveyed when each were present. To rebut this a survey was made out and filed iu the cause, by a person who was not the county surveyor or his deputy, but who was designated by a special order of the court to execute the survey, and had remained oa file longer than one term before the hearing. This report was objected to, ami rejected by the court on the. sole ground that the surveyor who had made it had not made oath to its correctness. To this decision there was an exception, and the same question now presents itself.
Ropmls of surveyors in chancery cases, Hice auditors’ reports, if objectionable, ought to be excepted to and cb’r.iv.ided an before the hearing-
Surveyor appointed by tlio chancellor need not be sworn.
Deficit of 14 acres in ICO, where the Jincswcre understood,is no ground for rescisión. The enquiry i?, if ihc deficit bad been discovered in the negociaHon, would or the pnce reduced,
*76 We conceive the plat ought to have been admitted as competent evidence. The court under the- statutes of this country was not confined to the county surveyor, but might direct its order to any competent person.
A surveyor to make a diagram is like a commissioner to report sums and make assessments. Be acts in, the presence of both parties, or when both may bo present, and is liable to detection if he reports facts untruly, and his report ought to he excepted to and quashed as other reports before hearing, if it is incorrect, whether he was sworn or not; and we deem such evidenceproenred-by noting facts on the ground, in the presence of both parties, superior to the oat in of a surveyor who acted ex-partc, and there is no statute requiring the surveyor appointed by an order to he sworn either before or after be acts. We, therefore, admit this evidence, and decido on tin* cause as if it. had been heard by the court below.
Taking this plat, the quantify is ascertained to he 148 acres, 1 quarter and 6 poles, there being a deficit of 14 acres and 54 poles. The question then remaining is, will the mutual mistake of the parties in a sale of tisis nature.to that extent, he a rmllident ground for setting aside an executed contract, or will it require compensation, or be a ground neither for rescisión or compensation. \Ye do net conceive that this deficiency is sufficient to set aside the contract after the deed is executed. It. is presumed every buyer looks *tt the territory whi.ch ho is about to *77 pitre liase, and that he fi'rsf knows something of the boundary where it is marked. Satisfied with the ground it cannot be presumed that he would have refused to make the contract for such deficiency as this, and it is more reasonable to suppose that life would have required a variation of, or deduction from the price on being told of such deficiency, at the hour of purchase than that he would have dc-dined the contract altogether. Of course we conceive that fliis deficit in quantity ought not to vacate the contract, and we put aside the eviction of Johnson’s heirs, as entitled to no weight on the question of rescisión. For this the appellee has his recourse to Smallwood.
Whon, bsloro tho payment of all tho purchase money, arieficiency is found in tho quantity of the la .ri, tho price of it may be enjoined, tho’ there be reme» riy at law.
Hardin for appellants; Haggin for appellee.
But as the purchase money is not paid, and this deficiency is discovered, we conceive the case analagous to the case of Shelby &c vs. Smith’s heirs, heretofore decided by this court, 2 Marsh. 504; and that compensation ought to be made for it, and that compensation be deducted out of the price, and credited on the judgment at law, at the date when the note on which it is founded became due. This compensation is easily ascertained. It is the price of the numler of acres contained in the deficiency, ascertained by the price of the whole quantity as agreed by the parties, and the injunction must be dismissed as to the residue with damages, and the bill as to Smallwood must be dismissed, as the appellee lias against him a plain remedy at law.
The decree must be reversed, with costs, and tho cause be remanded for new proceedings Hot inconsistent with this opinion.